IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY L. NOBLITT                                                                    PLAINTIFF

v.                                              CIVIL NO. 24-2132

LELAND DUDEK,[1] Acting Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy L. Noblitt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 9, 2021, alleging an inability to work since August 28, 2020, due to shoulder issues, a back injury, a hip injury, heart complications, Hashimoto's disease, carpel tunnel, and vision problems. (Tr. 165). For DIB purposes, Plaintiff maintained insured status through December 31, 2022. (Tr. 17, 189). An administrative telephonic hearing was held on October 19, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 36-53).

---

[1] Leland Dudek, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated January 10, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, cataracts, sensorineural hearing loss and hip pain. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except sand and/or walk (with normal breaks) for a total of 4 hours; sit (with normal breaks) for a total of about 6 hours in an 8 hour workday, no work requiring excellent binocular vision, can perform frequent hearing, and avoid concentrated exposure to noise and vibration.

(Tr. 21). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as a customer call center service representative. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on August 22, 2024. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ failed to give appropriate weight to the medical evidence; 2) Plaintiff's RFC and representative job availability are deficient; 3) the ALJ failed to fully develop the record; and 4) The ALJ failed to evaluate medical equivalence. (ECF No. 11). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2022. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 28, 2020, her alleged onset date of disability, through December 31, 2022, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform sedentary work with limitations prior to her date last insured, the ALJ considered the opinions of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC prior to her date last insured. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court further finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work as a customer call center service representative prior to her date last insured. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 18th day of April 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE